No. **SR-CV-04-95**

# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

---

**Kee Tom Farley, et al., Plaintiffs,**

**v.**

**Kerr McGee, et al., Defendants.**

**Decided July 14, 1998**

---

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER came on for consideration of the Plaintiffs' Motion for Entry of a Protective Order and Supporting Memorandum, regarding the Defendants' Notice of Deposition of Patrick Daniels and Geno Saccamanno, Ph.D., M.D. The Court, being fully informed in the matter, hereby FINDS:

1. That on May 20, 1998, Defendants filed a Notice of Deposition for Geno Saccamanno, Ph.D., M.D., a pathologist whom Defendants purported to be an expert in lung cancer in underground uranium miners.

2. That on May 20, 1998, Defendants filed a Notice of Deposition for Mr. Pat Daniels, a former superintendent at the Shiprock Mill.

3. That on July 6, 1998, Plaintiffs filed a Motion for Entry of a Protective Order to prevent Defendants from taking the videotaped depositions of Dr. Saccamanno and Mr. Daniels, arguing that such depositions were premature and unfair to Plaintiffs, as Defendants did not intend to produce relevant documents which were necessary to enable Plaintiffs to fully prepare for such depositions, assuming both witnesses were to be deposed as fact witnesses. Plaintiffs further argued that Defendants should not be permitted to depose Dr. Saccamanno as an expert witness, as the Navajo Rules provided only for expert interrogatories and the Court had not yet ruled on whether expert depositions were to be allowed. Finally, Plaintiffs assert that neither Dr. Saccamanno nor Mr. Daniels is *in extremis*, and the Defendants should be prohibited from videotaping *de bene esse* depositions of both witnesses.

4. That on July 13, 1998, Plaintiffs filed a Memorandum in Support of their Motion for Entry of a Protective Order, reasserting their position that the Court should preclude the depositions of Mr. Daniels and Dr. Saccamanno, pending the receipt of relevant documents necessary to Plaintiffs' adequate preparation for such depositions.

5. That on July 14, 1998, counsel for the parties appeared at a status conference and argued their respective positions. Defendants stated that Dr. Saccamanno had become ill and was unavailable to have his deposition take as scheduled.

## CONCLUSIONS OF LAW

During the July 14, 1998 status conference, this Court ruled that expert depositions would be allowed, with limitations, thus rendering moot Plaintiffs' argument that Defendants should be precluded from deposing Dr. Saccamanno as an expert as the Navajo Rules provided only for expert interrogatories. However, in the hopeful event that Dr. Saccamanno recovers from his illness in the near future, Defendants may wish to notice his deposition, once again.

While the Navajo Rules have no specific requirement that expert reports and interrogatories be provided to opposing counsel prior to the deposition of a party's expert witnesses, such a practice is consistent with Rule 1, Nav. R. Civ. P., which focuses on a "just, speedy, and inexpensive determination." Further, Rule 26(b)(4), F.R.C.P., requires that written reports from the expert witness must be provided prior to the deposition of that expert witness. While not binding on this Court, such a requirement is persuasive, particularly in light of the fact that the parties have seen fit to agree to provide expert reports from their expert witnesses. Equally persuasive, Section 17.12 of the Toxic Tort Practice Guide states that "the deposition should be framed by the documents for which the witness is responsible, or upon which the witness will premise his or her opinion testimony." (James T. O'Reilly, *Toxic Torts Practice Guide*, Sec. 17.12 (2d ed. 1998)).

The parties have agreed to the use of videotaped *de bene esse* depositions where it is medically proven that a key witness or party is *in extremis*. Age alone is insufficient to qualify a witness as *in extremis*, particularly in a case such as this one in which the primary events transpired many years ago and both sides are equally burdened with the problem of aging witnesses. For obvious reasons, a trial cannot be conducted with a significant amount of the testimony videotaped. While exceptions may be permitted, preserving the testimony of a witness *de bene esse* does not guarantee that such testimony will be admissible at trial. This is particularly true where the taped deposition involves expert testimony, which is often technical and scientific and may only serve to confuse a jury when the expert is not present to clarify information.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for a Protective Order be granted, with respect to Mr. Daniels, and denied for mootness with respect to Dr. Saccamanno.

IT IS FURTHER ORDERED that Defendants are precluded from deposing Mr. Daniels until thirty days after the documents in the possession of Defendant Cyprus Foote have been turned over to Plaintiffs.

IT IS FURTHER ORDERED that Defendants are precluded from deposing Dr. Saccamanno until thirty days after the relevant expert interrogatories and expert report(s) of Dr. Saccamanno have been provided to Plaintiffs.